Nasir Farah ALI, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 03–71211, 04–75506.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided April 27, 2006.

Deborah R. Schwarz, Jennifer A. Chin,
Thelen Reid & Priest, LLP, San Francis-
co, CA, for Petitioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, OIL, U.S. Department of
Justice Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: HUG, ALARCON, and
MCKEOWN, Circuit Judges.

MEMORANDUM *

Nasir Farah Ali appeals from a decision
of the Board of Immigration Appeals
("BIA") affirming the immigration judge's
("IJ") denial of asylum, withholding of re-

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.

moval and relief under the United Nations Convention Against Torture (No. 03–71211), and from a decision of the BIA denying Ali's motion to reopen his petition on a showing of ineffective assistance of counsel (No. 04–75506). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petitions for review.

■ The BIA did not err in affirming the IJ's decision. The IJ found Ali's testimony lacked credibility because of significant inconsistencies between Ali's asylum interview and his in-court testimony and declarations. The inconsistencies are not minor ones that "reveal nothing about an asylum applicant's fear for his safety," *Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003), but rather are direct contradictions regarding the key events that are central to Ali's claim of persecution. These include two very different accounts of the events surrounding the murder of his brothers and direct contradictions regarding the treatment of his wife and mother during the attack on Ali's house in Belet Hawa.

The IJ's reliance on inconsistencies reflected in the asylum interview is not improper. There is no direct evidence of incompetent translation at the asylum interview; the translator's admission that he had trouble understanding details is not, contrary to Ali's assertion, evidence of inaccurate translation. We evaluate such claims by examining the record for direct evidence of incorrectly translated words, for unresponsive answers, and for expressions of difficulty understanding English. *Perez–Lastor v. INS*, 208 F.3d 773, 778 (9th Cir.2000). At the immigration hearing, the translator testified at length in English. His occasional trouble understanding the lawyers or articulating his response does not rise to a level that would justify reversing the credibility determination. *Cf. Acewicz v. INS*, 984 F.2d 1056,

1063 (9th Cir.1993) (translation was sufficient even with "isolated passages of garbled testimony").

The IJ did not, as Ali argues, fail to conduct a *de novo* review. Although we recently articulated several concerns with respect to relying on asylum interviews, *see Singh v. Gonzales*, 403 F.3d 1081 (9th Cir.2005), those concerns are not present here. Both Ali's translator and the asylum officer testified at his hearing, and expressed confidence in the accuracy of the interview. The record contains the asylum officer's contemporaneous, handwritten notes. In sum, the IJ's consideration of discrepancies between the asylum interview and Ali's testimony at his hearing was proper.

Ali also argues that the same issues—incompetent translation and consideration of the asylum interview—violated his due process rights. *See Perez–Lastor*, 208 F.3d at 777 (aliens enjoy due process protections during asylum proceedings). For the same reasons articulated above, we also conclude that Ali's separate due process challenge fails.

■ Ali's second appeal concerns the BIA's denial of his motion to reopen the petition on the grounds that his original counsel was ineffective. The BIA properly refused to equitably toll the statute of limitations for filing the motion to reopen. Ali met with his new counsel in March 2003, shortly after the BIA's decision was announced in February 2003. He did not file the motion to reopen until January 2004. The fact that current counsel relied on advice from Ali's former counsel in securing an extension of time for filing his opening brief in our court does not mean that he was precluded from filing the motion to reopen with the BIA due to "deception, fraud, or error." *Cf. Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003).

The BIA properly dismissed the motion as untimely.

Finally, Ali argues that Somalia is not a "country" for purposes of removal under 8 U.S.C. § 1231(b). We lack jurisdiction to consider this novel claim because Ali raises it for the first time on appeal. 8 U.S.C. § 1252(d)(1); *Ladha v. INS*, 215 F.3d 889, 901 n. 13 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**